IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMBER TREATMENT )
TECHNOLOGIES, LLC, *et al.*, )
)
Plaintiffs, )
)
v. ) Civil Action No. 3:13CV207–HEH
)
PAULA T. HAGSTROM, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
(Subject Matter Jurisdiction)

Timber Treatment Technologies, LLC, and its affiliates ("Timber") brought this action in the Circuit Court for the County of Fairfax, Virginia, against several of their former employees and a competing company. Timber asserts a variety of state law claims arising out of an alleged conspiracy to misappropriate Timber's trade secrets. In response, Defendants Wendell Raby, Charles Moseley, and William Reddy (collectively "Counterclaimants") filed counterclaims alleging a variety of derivative actions brought under the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a through 78dd-2, and several state law claims. Based solely on the inclusion of federal counterclaims, the Counterclaimants removed the action to this Court.

Immediately upon removal, the Court noted that counterclaims raising a federal question cannot standing alone serve as a basis for removal jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (citations omitted). To that end, the Court issued an Order on April 9, 2013, directing the parties to brief the

jurisdictional question. Despite the prevailing well-pleaded complaint rule, Counterclaimants argue that specifically tailored terminology found in 15 U.S.C. §§ 77v and 78aa provides a broader, more exclusive jurisdictional grant than the general federal question statute, 28 U.S.C. § 1331. Counterclaimants contend that this statutory language trump the time honored rule.

In response, Timber argues that the fossilized "well-pleaded complaint rule" precludes federal jurisdiction based solely on counterclaims regardless of any statutory preemption. The Court agrees with Timber's analysis.

Before reaching the merits of any case the Court must satisfy itself that subject matter jurisdiction exists. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (citations omitted). "[F]ederal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations." *Palisades Collections, LLC v. Shorts*, 552 F.3d 327, 330 (4th Cir. 2009) (citation and internal quotation marks omitted). Thus, "a party seeking to adjudicate a matter in federal court must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citing 13 Charles Alan Wright, *et al.*, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008)).

Through the Judiciary Act of 1875, now codified at 28 U.S.C. § 1331, Congress conferred upon the federal judiciary original jurisdiction over those "cases *arising under* the Constitution, laws, or treaties of the United States." (emphasis added). Although the grant of jurisdiction in Section 1331 adopts identical language to that found in Article III

of the constitution, the Supreme Court has stated that the jurisdictional grant in Section 1331 is not in all respects coextensive with the boundaries of federal jurisdiction staked out by the constitution. *Verlinden B.V. v. Cent. Bank of Nig.*, 461 U.S. 480, 495-96 (1983). A case "arises under" federal law for Article III purposes when it necessarily involves application of substantive federal law. *Id.* at 497. But, a matter "arises under" federal law for purposes of Section 1331 only if it satisfies the "well-pleaded complaint rule."[1] *Holmes Group*, 535 U.S. at 830. According to that doctrine, a court determines whether a case "arises under" federal law solely from the contents of the plaintiff's complaint, not a defendant's answer or counterclaim. *Id.* at 830-31. Federal jurisdiction exists under 28 U.S.C. § 1331 "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, the Court clearly lacks jurisdiction under 28 U.S.C. § 1331. Timber brought this action in state court alleging claims based solely on state law. The inclusion of federal counterclaims would have no bearing on the content of the original Complaint and, consequently, could not form a basis for removal jurisdiction. *Holmes Group*, 535 U.S. at 831. Counterclaimants do not appear to dispute this point. Rather, they argue that jurisdiction for their federal securities claims may be independently premised upon 15 U.S.C. §§ 77v and 78aa, both of which employ different language from 28 U.S.C. § 1331. While 28 U.S.C. § 1331 uses the phrase "arising under"—language central to the

---

[1] The well-pleaded complaint rule also governs whether a case is removable under 28 U.S.C. § 1441(a). *Holmes Group*, 535 U.S. at 830 n.2.

analysis in *Holmes Group*—neither 15 U.S.C. §§ 77v nor 78aa contain that exact language. The Court must therefore interpret these statutes to determine whether either dictates departure from the otherwise settled well-pleaded complaint rule.[2]

A court "'must not give jurisdictional statutes a more expansive interpretation than their text warrants, but it is just as important not to adopt an artificial construction that is narrower than what the text provides.'" *Palisades Collections*, 552 F.3d at 330 (quoting *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 558 (2005)). "'When interpreting statutes, [the court] start[s] with the plain language.'" *Id.* (quoting *United Seniors Ass'n, Inc. v. Social Sec. Admin.* 423 F.3d 397, 402 (4th Cir. 2005)). At the same time, "'[s]tatutory construction is a holistic endeavor.'" *Id.* (quoting *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 60 (2004)). "'The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'" *Id.* at 330-31 (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)). Additionally, courts "presume that Congress legislate[s] consistently with existing law and 'with the knowledge of the interpretation that courts have given to [the] existing statute.'" *Strawn*, 530 F.3d at 297 (quoting *United States v. Langley*, 62, F.3d 602, 605 (4th Cir. 1995) (en banc)).

---

[2] Recently, the Central District of California applied the well-pleaded complaint rule in remanding a case where the counterclaimant based jurisdiction in part on 15 U.S.C. § 77v. *Fannie Mae v. Perez*, No. CV 13-1082, 2013 U.S. Dist. LEXIS 35710, at *8-9 (March 14, 2013). This Court will not rely on that decision because it involved a *pro se* litigant who failed to present the same arguments at issue here. Nevertheless, the Court notes that the outcome in that case is consistent with the decision herein.

Counterclaimants' reliance on the statutory language in 15 U.S.C. §§ 77v and 78aa is misplaced. 15 U.S.C. § 77v provides that federal courts "shall have jurisdiction of offenses and violations under this title [15 U.S.C. §§ 77a *et seq.*]" Similarly, Section 78aa states that federal courts "shall have exclusive jurisdiction of violations of this title [15 U.S.C. §§ 78a *et seq.*]" While both statutes provide for "exclusive" jurisdiction in federal courts, there is no language to suggest deviation from the well-pleaded complaint rule. In *Holmes Group*, the Supreme Court examined a similarly "exclusive" jurisdictional grant to the Federal Circuit over patent claims set forth at 28 U.S.C. § 1295(a)(1). By referencing 28 U.S.C. § 1338(a), that jurisdictional grant applies to cases "arising under" federal patent law. Even though the jurisdictional grant is "exclusive," the Supreme Court ruled that the well-pleaded complaint rule still applies and counterclaims cannot alone create federal question jurisdiction. *Holmes Group*, 535 U.S. at 832.

Although the statutes at issue here do not contain the exact phrase "arising under," both 15 U.S.C. § 77v and 15 U.S.C. § 78aa contain other language that is functionally equivalent. Section 77v, for example, provides a jurisdictional grant over "all suits in equity and actions at law *brought* to enforce any liability" under that title. (emphasis added). Section 78aa contains this exact same language, vesting federal courts with jurisdiction over actions "*brought*" under that title. (emphasis added). The phrase "arising under" is defined by reference to a plaintiff's "opening pleading." *Pratt v. Paris Gas Light & Coke Co.*, 168 U.S. 255, 259 (1897) (cited in *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988)). Logically, the same would be true where

5

jurisdiction is tied to an action "brought" under a certain federal law—the plaintiff "brought" the action. The statutory language in 15 U.S.C. §§ 77v and 77aa is consistent with the well-pleaded complaint rule, and neither statute contains any language suggesting deviation from this settled principle.[3]

Absent any statutory basis to deviate from the well-pleaded complaint rule, the Court determines whether federal question jurisdiction exists solely by reference to Timber's pleadings. Because Timber asserts only state law claims, there is no federal jurisdiction over the case. Accordingly, this case will be remanded to the Circuit Court of Fairfax County, Virginia.[4]

---

[3] Nothing in this decision prevents Counterclaimants from filing an independent action under § 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934. *See, e.g., Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 666-67 (upholding district court's decision to stay action brought under § 10(b) of the Securities Exchange Act of 1934 while a substantially identical state court proceeding was pending even though federal court had exclusive jurisdiction over the federal claim). Even where a federal statute completely preempts state law, the well-pleaded complaint rule controls and a counterclaim cannot form the basis for federal question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 66-67 (2009).

[4] Moreover, applying the well-pleaded complaint rule to actions "brought" under 15 U.S.C. §§ 77v and 78aa would be consistent with the rationale behind the doctrine. The rule reflects "longstanding policies" of allowing the plaintiff to choose his forum "by eschewing claims based on federal law." *Holmes Group*, 535 U.S. at 831 (citation and internal quotation marks omitted). "[A]llowing responsive pleadings by the defendant to

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: May 14 2013
Richmond, Virginia

establish 'arising under' jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine." *Id.* at 832.